**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Vincent MARTINEZ, Defendant—Appellant.**

No. 06–30305.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2008 *.

Filed Jan. 17, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Paulette L. Stewart, Esq., USHE—Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Brian K. Gallik, Esq., Goetz Gallik Baldwin & Dolan, PC, Bozeman, MT, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Before: BEEZER, GRABER and PAEZ, Circuit Judges.

MEMORANDUM **

Victor Martinez appeals various aspects of his sentence arising from drug distribution and conspiracy charges. The parties are familiar with the facts of the case, and we do not recite them in detail in this disposition.

We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part and remand.

I

■ The parties agree that the district court violated Federal Rule of Criminal Procedure 32 by failing to provide notice that it was considering the imposition of conditions of supervised release requiring, among other things, sex-offender registration and treatment.

We agree as well and, therefore, vacate Special Conditions 5 through 9 in the judgment and remand for resentencing.

II

■ Martinez argues that the district court did not adequately consider the factors in 18 U.S.C. § 3553(a) in sentencing him to 240 months on the conspiracy charge. He further argues that the district court treated the Guideline range as mandatory in violation of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005), and imposed a substantively unreasonable sentence.

The district court expressly recognized that it was not bound to apply the Guidelines in a mandatory fashion after *Booker* and noted its discretion to depart from the Guidelines range. Martinez asserts that the district court nonetheless failed to consider his withdrawal from the conspiracy and the substantial assistance he provided to the government. These issues are properly directed to the Guidelines range calculation. *See* U.S. Sentencing Guidelines Manual § 3B1.1 (2005) (upward offense-level adjustment for aggravating role); *id.* § 3B1.2 (downward adjustment for mitigating role); *id.* § 5K1.1 (downward adjustment for substantial assistance). The district court did not commit *Booker* error by addressing Martinez's arguments through its Guidelines calculations rather than in the context of its consideration of § 3553(a)(1). The resulting 240–month sentence is substantively reasonable in light of the § 3553(a) factors. *Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

### III

We vacate Special Conditions 5 through 9 in the judgment and remand the case to the district court for resentencing consistent with this disposition. We affirm the balance of Martinez's sentence.

**AFFIRMED IN PART, VACATED IN PART and REMANDED.**